# 5400.

## (Court of Appeal, Parish of Orleans)

## JORDY BROTHERS SLATE CO. vs. PETER JUDLIN, ET AL.

The ruling in Roca v. Caruso, 7 Court of Appeal, 451, is not to be extended beyond those cases where the furnisher of materials knows the origin of the funds paid to him by the contractor and has received no instructions to impute the payment to any particular account.

Appeal from the Civil District Court, Division "A."

Gus. J Ricau, for plaintiff and appellee

Legier & Gleason, for defendant and appellant.

W. L. Hughes, Attorney.

ST. PAUL, J.—In **Roca vs. Caruso, 7 Ct. of Ap., 451,** we held that a furnisher of materials who knows the origin of the funds which he receives from a contractor should impute the payment to the account growing out of the contract on which the funds had been received by the contractor.

Although it does not clearly appear from the opinion in that case, yet the facts were that the furnisher of materials had received the very check of the owner, which was turned over to him by the contractor without other instructions than to place the amount to his credit.

Under those circumstances we thought that the furnisher of materials should not have imputed the payment to some other account to the prejudice of the owner who has paid his contractor in full; the presumption being indeed that the contractor intended the payment to be ap-

plied to the contract out of which the money came and as equity and fair dealing required that he should do.

But we are not prepared to extend that ruling any further, and the language of that case must be considered as stating a doctrine somewhat broader than was necessary for the decision of the case.

In the case at bar the contractor made no mention whatever of the origin of the funds with which he paid, but gave his own check drawn against his own general bank account and sent instructions as to how the payment should be imputed.

There was therefore nothing else for plaintiff to do but to impute the payment accordingly. The fact that the contractor subsequently mentioned to plaintiff in a casual way the origin of part (or the whole) of the funds with which he had paid is insignificant; he made no complaint of the manner in which the payment had been imputed.

The ruling in **Roca vs. Caruso** is not to be extended beyond those cases where the furnisher of materials knows the origin of the funds paid to him by the contractor and has received no instructions to impute the payment to any particular account.

The judgment appealed from is correct and will be affirmed.

Judgment affirmed.